

November 20, 2023

**VIA ECF**

**Christopher J. Kelly**
Direct Phone   856-910-5035
Direct Fax       215-701-2121
cjkelly@cozen.com

Hon. Georgette Castner, U.S.D.J.
United States District Court,
District of New Jersey
Clarkson S. Fisher Federal Building and U.S. Courthouse
402 E. State Street, Courtroom 4W
Trenton, NJ 08608

Re:   Savage v. Auto Lenders Liquidation Center, *et als.*
        Docket No. 23-cv-16166

Dear Judge Castner:

    This firm represents Defendants Auto Lenders Liquidation Center, Inc., Algo, LLC, and Certified Automotive Lease Corp. in the above-referenced matter. Plaintiff's Complaint alleges that he was denied overtime under the Fair Labor Standards Act ("FLSA") and New Jersey Wage and Hour Law and also that he was retaliated against when he asked questions about his entitlement to overtime. However, the facts Plaintiff alleged in his Complaint, when taken together with documents that are integral to or referenced in the Complaint, make clear that his claims should be dismissed. Therefore in accordance with Your Honor's Judicial Preferences, Defendants submit this letter to request that the Court schedule a pre-motion conference or otherwise permit Defendants to file a Motion to Dismiss the Complaint.

    **1. Plaintiff is Exempt from the Coverage of Federal and New Jersey Overtime Requirements under the Automobile Dealership Employee Exemption (Counts III and IV)**

    The FLSA exempts from its overtime pay requirements "any salesman, partsman, or mechanic primarily engaged in selling or servicing automobiles, trucks, or farm implements, if he is employed by a nonmanufacturing establishment primarily engaged in the business of selling such vehicles or implements to ultimate purchasers . . ." 29 U.S.C. 213(b)(10)(A). Plaintiff's employment satisfies all three requirements. The Supreme Court has construed the term "salesman" according to its ordinary meaning as "someone who sells goods or services." Encino Motorcars, LLC v. Navarro, 584 U.S. ___, 138 S.Ct. 1134, 1140 (2018) (Affirming Rule 12(b)(6) dismissal of overtime claims by service advisors at automobile dealership). The Department of Labor's regulations are in accord. 29 C.F.R. 779.372 ("As used in section 13(b)(10)(A), a salesman is an employee who is employed for the purpose of and is primarily

1010 Kings Highway South  Cherry Hill, NJ 08034
856.910.5000    856.910.5075 Fax    cozen.com
Raymond G. Console attorney responsible for New Jersey practice.

Hon. Georgette Castner, U.S.D.J.
November 20, 2023
Page 2

_____

engaged in making sales or obtaining orders or contracts for sale of the automobiles, trucks, or farm implements that the establishment is primarily engaged in selling."). Plaintiff's own allegations in the complaint clearly establish the exemption from overtime. Plaintiff notes that he worked as an inside salesmen for Defendants. Dkt. No. 1 ¶¶ 7, 15, 21. He further states that Defendants are car dealerships primarily engaged in the sales and leasing of automobiles. Id. ¶¶ 7-9; 22. Finally, he alleges that his job duties all pertained to sales with private owners of vehicles, not other businesses. Id. ¶¶ 8, 21, 23. New Jersey also exempts "salesmen of motor vehicles" from overtime and minimum wage. N.J.S.A. 34:11-56a4(a). Therefore, Plaintiff is exempt from overtime compensation requirements as an automobile salesperson and his claims for overtime pay should be dismissed.

### 2. Plaintiff is Exempt from the Coverage of FLSA's Overtime Requirements as an Inside Sales Employee and New Jersey's Wage and Hour Law(Counts III and IV)

Even if Plaintiff were not covered by the exemption for certain employees of automobile dealerships, he would still be exempt under the FLSA's exemption (from both overtime and minimum wage requirements) for commissioned retail sales employees, commonly referred to as the "inside sales" exemption. To qualify under this exemption, three requirements must be satisfied: (1) the employee must be employed by a retail or service establishment, (2) the employee's regular rate of pay must exceed one and one-half times the applicable minimum wage; and (3) more than half the employee's total earnings must represent commissions on goods. 29 U.S.C. 207(i). New Jersey law similarly exempts inside salespersons from overtime pay requirements, but unlike Federal law, New Jersey places that exemption within its Administrative Exemption. N.J.S.A. 34:11-56a4(b)(1) (Covering employees whose primary duty consists of sales activity, receive at least 50 percent of their total compensation from commissions, and are paid at least $400.00 per week.) N.J.A.C. 12:56-7.2(c). Again, Plaintiff's own allegations make clear that Defendants operate car dealerships that are primarily in the business of conducting sales of automobiles to and from private buyers and therefore qualify as retail establishments. Dkt No. 1 ¶¶ 7-9; 20-22; 29 C.F.R. 779.323. Plaintiff's payroll records, which are integral to the Complaint, make clear that he was paid more than one and a half times the minimum wage for the hours he alleges he worked and that more than half of his total compensation from commissions during his period of employment with Defendants. Therefore, Plaintiff qualifies as an exempt inside sales employee under the FLSA and his claim for unpaid overtime should be dismissed.

### 3. Plaintiff's FLSA Retaliation and CEPA Claims Also Fail (Counts I and II)

A CEPA plaintiff must demonstrate that (1) he reasonably believed the employer's conduct was violating a law, rule, regulation of clear mandate of public policy, (2) he performed a whistleblowing activity, (3) that an adverse action was taken against him, and the adverse action was causally connected to the whistleblowing activity. Dzwonar v. McDevitt, 177 N.J. 451, 462 (2003). While an employee need not be correct in their belief that a law is being violated, that belief must be reasonable and effectively conveyed to the employer. Gimello v. Costco Wholesale Corp., No. A-1506-07T3, 2008 N.J. Super. Unpub. LEXIS 2066, at *11 (App. Div. Dec. 8, 2008).

Hon. Georgette Castner, U.S.D.J.
November 20, 2023
Page 3

_____

Plaintiff notes in his Complaint that he was provided a printout at his August 14, 2023 meeting with Defendants. Dkt No. 1 ¶27. That printout, which can be considered by the Court on a Motion to Dismiss because it is referenced in the Complaint, shows the New Jersey regulations governing the administrative exemption as applied to sales employees as well as an analysis using an online tool which make clear that Plaintiff qualified for the exemption and was not entitled to overtime under New Jersey law. Therefore Plaintiff's belief was not reasonable. Further, an employer retains the right to discipline a complaining employee when, as here, the subject complaint "is not supported by an objectively reasonable basis." Gaughan v. Deptford Twp. Mun. Util. Auth., No. A-5044-16T3, 2018 N.J. Super. Unpub. LEXIS 2835, at *9 (App. Div. Dec. 28, 2018).

For FLSA retaliation, a plaintiff must plead that (1) he made a complaint, (2) an adverse employment action was taken against him, and (3) there was a causal link between the protected activity and adverse action." Jones v. Amerihealth Caritas, 95 F. Supp. 3d 807, 814 (E.D. Pa. 2015); 29 U.S.C. § 215(a)(3). Plaintiff alleges that he asked questions about whether he was paid overtime. Even if those questions constituted protected activity under the FLSA, which Defendants do not concede, Plaintiff's only substantive allegation regarding the response he received was that he was provided the printout described above, which showed he wasn't entitled to overtime under New Jersey law. Such an action does not raise an inference of retaliatory animus. The remainder of Plaintiff's allegations pertaining to causation relate to being "nitpicked" and perceived "animosity", but those are mere conclusory labels, and Plaintiff alleges no facts to support those conclusions. Lastly, Plaintiff attempts to allege temporal causation, but for temporal proximity to raise an inference of retaliation, the protected activity and an adverse employment action must be "very close" in time. Clark County Sch. Dist. v. Breeden, 532 U.S. 268, 273 (2001). In the Third Circuit, that "time is measured in days, not weeks or months" Fleet v. CSX Intermodal, Inc., Civ. A. No. 17-3562, 2018 U.S. Dist. LEXIS 120256, at *37 (E.D. Pa. July 18, 2018). In order to avoid the significant gap between his alleged complaint in late June/early July 2023 and his termination on August 30, 2023, he calculates the time from his last meeting instead of his alleged complaint. Dkt No. 1 ¶¶ 24, 27. In a further attempt at artful pleading, he calculates the time in business days rather than calendar days, which is inconsistent with the governing caselaw. This Court should not allow Plaintiff to plead around the elements of his claims and should dismiss Counts I and II.

For these reasons, Defendants respectfully request that the Court schedule a pre-motion conference or otherwise permit Defendants to file a Motion to Dismiss Plaintiff's Complaint.

Respectfully submitted,
**COZEN O'CONNOR**

By:   Christopher J. Kelly

cc:   Christina Burke, Esq.
      Ari Karpf, Esq.